In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00749-CR
____________

BOBBY LEE SIMMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 906466




MEMORANDUM OPINION
           Bobby Lee Simms, appellant, was charged by indictment with the state jail felony
offense of possession of a controlled substance, namely, methamphetamine, weighing less
than one gram. After appellant’s motion to suppress was denied, he entered a plea of guilty
and the State recommended that appellant be sentenced, in accordance with section 12.44 of
the Texas Penal Code, to 75 days in the Harris County jail. See Tex. Pen. Code Ann. §
12.44 (a) (Vernon 2003). The trial court assessed appellant’s punishment in accordance with
appellant’s plea bargain. This appeal, which was granted by the trial court, followed. In
three points of error, appellant claims that the trial court abused its discretion in denying his
motion to suppress, (1) in violation of the Fourth Amendment of the United States
Constitution, (2) in violation of article I, section 9 of the Texas Constitution, and (3) in
violation of article 38.23 of the Texas Code of Criminal Procedure.
Background
           At the hearing on the motion to suppress, Sergeant Tommie L. Herndon with the
Harris County Sheriff’s Department testified that he was working an extra job at the Red
River Dance Hall and Saloon in North Harris County. An employee of the club approached
Herndon and told him that a patron of the club observed another patron selling what he
believed to be narcotics in the men’s restroom. While Herndon talked to the employee, the
patron believed to be involved walked past them. Herndon and Deputy Charles A. Akins,
who was also working at the club that night, approached the patron and asked that he
accompany them to the security office.
           In the security office, Herndon found in the patron’s wallet a plastic straw and a clear
plastic bag containing some white crystal-type powder. Herndon tested the substance, and
it tested positive for methamphetamine. At that point, Herndon placed the patron under
arrest.
           While Herndon was processing the first patron, another patron, identified as appellant,
walked into the security office and asked why they had detained the first patron. Akins, who
was about seven inches shorter than appellant, noticed a white, powdery substance caked
under appellant’s nostril and believed it to be methamphetamine. Akins testified that the
substance was caked just below appellant’s right nostril. Akins ran a warrants check on
appellant, found that he had two outstanding misdemeanor warrants, and placed him under
arrest. Akins then swabbed the outside of appellant’s right nostril with a Q-tip, and it
returned a positive field identification for methamphetamine.
Discussion
           In three points of error, appellant claims that the court abused its discretion in denying
his motion to suppress evidence in violation of his federal and state constitutional rights
against unreasonable searches and seizures.



                                         We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The Court of
Criminal Appeals has held that when a suspect has been arrested for one crime, any evidence
found in a search incident to that arrest should not be suppressed. Oles v. State, 993 S.W.2d
103, 106 (Tex. Crim. App. 1999). The record shows that appellant was arrested on two
outstanding misdemeanor warrants before the officer swabbed his nose. Therefore, the
swabbing of appellant’s nose was done pursuant to a lawful search incident to arrest. We
hold that the court did not abuse its discretion in denying appellant’s motion to suppress.
           We overrule appellant’s three points of error.
Conclusion
           We affirm the trial court’s judgment.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2 (b).